

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-CIV-120-GOLD/SIMONTON

NATIONAL ASSOCIATION FOR THE ADVANCMENT OF
COLORED PEOPLE, INC. by its FLORIDA STATE
CONFERENCE OF BRANCHES, JIMMIE PANNELL,
JULIA STONER, NATALIE CARNEGIE, ERMA J. KELLY;
JOHN L. CHEEVER, JAMES MARSHALL, LILLIE Q.
ODOM, WILLIE STEEN, WALLACE MCDONALD,
JERMAINE TERRY, LORINE WALDEN, EMERY
TIMBERLAKE; VALARIE BUFORD-WELLS, MICHELLE
FLOYD, CONSUELO MARIA GRAHAM, SHERRY
EDWARDS, KANDY WELLS, JOANNA CLARK, JANICE
KELLY, PLACIDE DOSSOUS and RONDRICK ROSE in
their own right and as representatives of all similarly
situated citizens and residents of the State of Florida,

        Plaintiffs,

vs.

KATHERINE HARRIS, Secretary of State of Florida; CLAY
ROBERTS, Director of the Florida Division of Elections; DAVID
C. LEAHY, Miami-Dade County Election Supervisor; MIRIAM
OLIPHANT, Broward County Election Supervisor; JOHN
STAFFORD, Duval County Election Supervisor; PAM IORIO,
Hillsborough County Election Supervisor; ION SANCHO, Leon
County Election Supervisor; WILLIAM COWLES, Orange
County Election Supervisor; and DEANIE LOWE, Volusia
County Election Supervisor (all in their official capacities); and
CHOICEPOINT, INC., a Georgia corporation d/b/a DATABASE
TECHNOLOGIES, INC.,

        Defendants.
_____/

## MOTION TO DISMISS

Defendant ChoicePoint, Inc., d/b/a Database Technologies, Inc. ("DBT")

respectfully submits this motion to Dismiss on the Grounds of Lack of Subject

- 1 -

Matter Jurisdiction and, in the alternative, Failure to State a Claim. ChoicePoint, Inc. has today filed a memorandum in support of this Motion. Briefly, the grounds for this Motion are as follows:

1.  Plaintiffs seek no relief against defendant DBT.[1]

(a) Plaintiffs have filed suit against DBT, along with several Florida state and local election officials, alleging, among other things, that they were wrongfully purged from Florida's official voter roll in anticipation of the November 7, 2000 general election.

(b) Plaintiffs have failed to allege that DBT had any authority to purge voters from Florida's official voter roll, alleging instead that state and local elections officials had that power and exercised it in an unlawful manner.

(c) Recognizing that DBT has no power to affect the composition of Florida's official voter roll, plaintiffs have sought no relief against DBT.

(d) Plaintiffs' failure to seek relief against DBT indicates that this Court has no power to redress plaintiffs' injury by ordering any action by DBT. The inability of this Court to redress plaintiffs' injuries through any order directed at DBT indicates that plaintiffs lack standing with respect to DBT and therefore this Court lacks subject matter jurisdiction over plaintiffs' complaint against DBT.

---

[1] The complaint names ChoicePoint, Inc., d/b/a Database Technologies as the defendant in the action. The complaint, however, refers to defendant as "DBT" throughout. For purposes of clarity, this motion will also refer to defendant ChoicePoint, Inc. as "DBT."

2.   Alternatively, plaintiffs' failure to seek relief against DBT also shows they have not pled the basic requirements of a claim upon which relief can be granted.  By seeking no relief from DBT, plaintiffs do not seek to change the legal relationship between themselves and DBT in any way.  The absence of such an effort, by definition, means plaintiffs complaint should be dismissed with respect to DBT.  See Fed. R. Civ. P. 12(b)(6).

3.   Moreover, several of plaintiffs' individual counts fail to state claims against DBT.  Count I, by its very terms, is not addressed at DBT and should be dismissed with respect to DBT.  Count III is unsupported by allegations sufficient to create liability by DBT under 42 U.S.C. § 1983 and therefore fails to state a claim.  Counts IV and V both rely on statutory provisions, 42 U.S.C. § 1971 and F.S.A. § 104.0515 respectively, that do not authorize a private right of action and therefore fail to state claims upon which relief can be granted.

4. Finally, several sets of plaintiffs have alleged injuries from activities – county selection of voting mechanisms, voter registration delays, and difficulties in changing voter address – that have no relationship to DBT and therefore have failed to state claim against DBT upon which relief can be granted.

WHEREFORE, Defendant ChoicePoint, Inc., d/b/a Database Technologies, Inc. respectfully requests that this Court enter an order directing

dismissal of Plaintiffs' action on the ground of lack of subject matter jurisdiction and, in the alternative, failure to state a claim upon which relief can be granted.

Respectfully submitted,

ADORNO & ZEDER

By: _____
Mitchell R. Bloomberg
Florida Bar No. 197289

_____
Stephanie G. Kolman
Florida Bar No. 0958130
2601 South Bayshore Drive
Suite 1600
Miami, FL 33133
305-858-5555

Raymond W. Bergan
Daniel A. Restrepo
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
202-434-5000
Counsel for ChoicePoint, Inc./DBT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Application for Pro Hac Vice Appearance was served by mail on this 2nd day of February, 2001 upon all persons listed on the attached service list:

_____

340492

## **SERVICE LIST**

Thomasina H. Williams, Esq.
Law Offices Williams & Associates, P.A.
Brickell Bay View Centre, Suite 1830
80 S.W. Eighth Street
Miami, Florida 33130

Katherine Harris
Secretary of State of Florida
Department of State, The Capitol
PL-02
Tallahassee, FL 32399-0250

Clay Roberts
Director of the Florida Division of Elections
Department of State, The Capitol
PL-02
Tallahassee, FL 32399-0250

David C. Leahy
Miami-Dade County Election Supervisor
111 N.W. 1st Street
Room 1910
Miami, FL 33128

Miriam Oliphant
Broward County Election Supervisor
115 S. Andrews Avenue
Room 102
Fort Lauderdale, FL 33301

John Stafford
Duval County Election Supervisor
105 E. Monroe Street
Jacksonville, FL 32202

Pam Iorio
Hillsborough County Election Supervisor
County Center
601 E. Kennedy Blvd.
16th Floor
Tampa, FL 33602

Ion Sancho
Leon County Election Supervisor
Leon County Courthouse
301 N. Monroe Street
Room 301
Tallahassee FL 32301

William Cowles
Orange County Election Supervisor
119 W. Kaley Street
Orlando, FL 32806

Deanie Lowe
Volusia County Election Supervisor
136 N. Florida Avenue
Deland, Florida 32720

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss was served by mail on this ___ day of February, 2001 upon all persons listed on the attached service list:

_____

340492

## SERVICE LIST

Thomasina H. Williams, Esq.
Law Offices Williams & Associates, P.A.
Brickell Bay View Centre, Suite 1830
80 S.W. Eighth Street
Miami, Florida 33130

Katherine Harris
Secretary of State of Florida
Department of State, The Capitol
PL-02
Tallahassee, FL 32399-0250

Clay Roberts
Director of the Florida Division of Elections
Department of State, The Capitol
PL-02
Tallahassee, FL 32399-0250

David C. Leahy
Miami-Dade County Election Supervisor
111 N.W. 1st Street
Room 1910
Miami, FL 33128

Miriam Oliphant
Broward County Election Supervisor
115 S. Andrews Avenue
Room 102
Fort Lauderdale, FL 33301

John Stafford
Duval County Election Supervisor
105 E. Monroe Street
Jacksonville, FL 32202

Pam Iorio
Hillsborough County Election Supervisor
County Center
601 E. Kennedy Blvd.
16th Floor
Tampa, FL 33602

Ion Sancho
Leon County Election Supervisor
Leon County Courthouse
301 N. Monroe Street
Room 301
Tallahassee FL 32301

William Cowles
Orange County Election Supervisor
119 W. Kaley Street
Orlando, FL 32806

Deanie Lowe
Volusia County Election Supervisor
136 N. Florida Avenue
Deland, Florida 32720