UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 01-120-CIV-GOLD/SIMONTON

NATIONAL ASSOCIATION FOR THE ADVANCEMENT
OF COLORED PEOPLE, INC., by its FLORIDA STATE
CONFERENCE OF BRANCHES, et. al.,

   Plaintiffs,

v.

KATHERINE HARRIS, Secretary of State of Florida,
et. al.,

   Defendants.
_____/



FILED by _____ D.C.

AUG 14 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## OMNIBUS ORDER ON PENDING MOTIONS

THIS CAUSE is before the Court upon the following motions:

1. Motion by Defendant Choicepoint, Inc., d/b/a Database Technologies, Inc. ("Choicepoint") to dismiss for lack of subject matter jurisdiction and for failure to state a claim, filed on February 2, 2001 [D.E. # 17]. Plaintiff filed a response on February 16, 2001 [D.E. # 31], and Choicepoint filed a reply on February 27, 2001 [D.E. # 36].

2. Motion by Defendant Deannie Lowe, Volusia County Elections Supervisor ("Lowe"), for summary judgment, filed on April 13, 2001 [D.E. #

1

59]. Plaintiffs filed a response on June 5, 2001 [D.E. #s 89, 90 and 91], and Lowe filed a reply on June 11, 2001 [D.E. # 94].

3. Motion by Defendant Deanie Lowe, Supervisor of Elections for Volusia County, to sever and to transfer, filed on May 9, 2001 [D.E. # 73]. Plaintiffs filed a response on June 4, 2001 [D.E. #85], and Lowe filed a reply on June 15, 2001 [D.E. # 97].

4. Motion by William Cowles, Supervisor of Elections for Orange County ("Cowles"), to sever, or to transfer case to Middle District of Florida, filed on June 21, 2001 [D.E. # 105]. Plaintiffs filed a response on July 6, 2001 [D.E. # 112], and Cowles filed a reply on July 17, 2001 [D.E. # 120].

5. Motion by Secretary of State Katherine Harris ("Harris") and Director of the Division of Elections L. Clayton Roberts ("Roberts") to abate pending pre-clearance and rule-making, filed on June 24, 2001 [D.E. # 106]. Plaintiffs filed a response on July 6, 2001 [D.E. # 113], and the Defendant filed its reply on July 25, 2001 [D.E. # 129].

6. Motion by all Plaintiffs to amend the complaint, filed on July 18, 2001 [D.E. #s 116 & 123]. Defendants Cowles and Pam Iorio, Supervisor of Elections for Hillsborough County ("Iorio"), filed their oppositions on July 23, 2001, and July 26, 2001, respectively [D.E. #s 127 & 131], and Plaintiffs filed

their reply on August 8, 2001 [D.E. # 133].

The Court, having reviewed the arguments of the parties, the relevant case law, and the record, and being otherwise advised in the premises, hereby enters its Orders on the pending motions:

## I. PLAINTIFFS' MOTION TO AMEND THE COMPLAINT.[1]

On January 10, 2001, the Plaintiffs filed their Complaint alleging that Black Florida citizens were denied their opportunity to vote, were refused assistance, or were otherwise exposed to a significantly higher risk that their votes would not be counted in the official results during the November 7, 2000 election. The Complaint, brought as a class action, alleged five causes of action: violation of the Fourteenth Amendment Equal Protection and Due Process Clauses; violation of Section 2 of the Voting Rights Act of 1965; violation of 42 U.S.C. § 1983 and the National Voter Registration Act; violation of the Civil Rights Act of 1957 and 1960, and violation of the Florida Voting Rights Act, Fla. Stat. § 104.0515. Plaintiffs now seek leave to amend their complaint to incorporate the following changes: (1) to take into account the potential impact of passage of the Florida Election Reform Act of 2001 on

---

[1] The Court first addresses Plaintiffs' motion to amend their complaint because several of the pending motions will need to be re-filed and supplemented in light of the amendments.

Plaintiffs' claims; (2) to add new parties; (3) to restructure and separate claims under 42 U.S.C. § 1983 and the National Voter Registration Act, 42 U.S.C. § 1973gg, et. seq.; (3) to clarify other existing claims; and (4) to identify specific additional prayers for relief. [D.E. # 116 & 123].[2] According to Plaintiffs, the Amended Complaint does not change the substantive nature of the claims set forth in the original Complaint. They claim that this remains a voting rights case predicated upon alleged unlawful election practices engaged in by the Defendants in relation to the November 7, 2000 election.

A number of defendants have filed no objection to the proposed amendment.[3] Defendant William Cowles, Orange County Supervisor of Elections, and Defendant Pam Iorio, Hillsborough County Supervisor of Elections, have filed objections, claiming undue delay and prejudice and lack of due diligence.

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, that "a party may amend the party's pleading only by leave of court or by

---

[2] Plaintiffs have filed a "corrected" motion to amend the complaint. [D.E. # 123]. Plaintiffs state that they inadvertently omitted Defendants Sancho and Lowe from the list of defendants with whom they had consulted and who had no objection to the filing of the motion to amend. They also have corrected the final two pages of the Amended Complaint (pages 42 and 43).

[3] These Defendants include Defendants Harris, Roberts, Oliphant, Stafford, ChoicePoint, Inc. d/b/a Database Technologies, Inc., Santos, and Lowe.

4

written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although "[l]eave to amend shall be freely given when justice so requires," a motion to amend may be denied on "numerous grounds" such as "undue delay, undue prejudice to the defendants, and futility of the amendment." *Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir. 1992).

Upon review, the Court concludes that the motion to amend the complaint will not cause undue delay or prejudice to the opposing parties, was not made in bad faith, and was not dilatory. The proposed amendments do not appear to be futile. As noted above, pursuant to Fed. R. Civ. P. 15(a), leave "shall be freely given when justice so requires." Such is the case here, and, therefore, the amendments shall be granted as filed [See Exhibit A to D.E. #s 116, 123].

## II. DEFENDANTS' MOTIONS TO SEVER AND TO TRANSFER

Defendant Deanie Lowe, Supervisor of Elections for Volusia County, has filed, pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), a motion to sever and transfer the individual case of Plaintiff Emery Timberlake to the Middle District of Florida [D.E. #s 73 & 74]. Defendant Lowe argues that severance and transfer are required because this case is not properly a class

action [D.E. # 74, p. 3]. According to Lowe, "[i]t would be error to certify a class opposing Lowe, since plaintiff Timberlake, the only asserted Volusia plaintiff, is not a member of the class he seeks to represent." [D.E. #74, p. 4]. Lowe also claims that, under §1404(a), the balance of private and public factors weigh heavily in favor of the disposition of any claim against Lowe in the Middle District.

As indicated above, Plaintiffs' original Complaint was brought on behalf of, "all Black citizens of the States of Florida eligible to vote, who were registered voters or who took timely and appropriate steps to register as voters, who sought to vote in the November 7, 2000 general election, and who were denied an equal opportunity to vote and have their votes counted in that election, by the actions, policies and practices of the Defendants" in violation of applicable laws. The original Complaint lists twenty-two named plaintiffs and nine defendants. Of the thirty-one specified parties, a significant number either reside or may be found in this district.

Upon review, the Court concludes that neither severance nor transfer is appropriate at this time. Section 1404(a) states, "For the convenience of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The standard for transfer under

6

28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is justified for the convenience of parties and witnesses and in the interest of justice, the ruling can be overturned only for clear abuse of discretion. *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F.Supp.2d 1271, 1281 (S.D. Fla. 2001).

Here, neither severance nor transfer is justified for the convenience of the parties or the interests of justice. First, Lowe's argument on class action is premature and should be directed to Plaintiffs' motion for class certification, which is pending as D.E. # 100. Second, Lowe offered only unsupported allegations of inconvenience to support severance or transfer. Third, Plaintiffs' choice of forum should not be disturbed unless it is clearly outweighed by other considerations, and the Court does not find such considerations to predominant here.

Instead, Plaintiffs' original Complaint sets forth claims against Lowe which purportedly arise from the same nexus of facts as the claims brought against the other Defendants and appear to be inextricably linked. At this juncture, Plaintiffs' arguments are persuasive that their claims necessarily require the Court to address the conduct of all the County Supervisors, since

the allegation is that the County Supervisors adopted varying policies in violation of law. Accordingly, Lowe's motion shall be denied.

Similarly, Defendant William Cowles, Supervisor of Elections for Orange County, moves for severance and transfer and attaches an affidavit in support thereof [D.E. # 105]. Essentially, Cowles argues that he should not have been joined as a party because he is not a proper defendant as to any election which occurred outside of Orange County, and the actions of Supervisors of Elections in other counties have no bearing on him. Citing Fed. R. Civ. P. 19,[4] he claims that his joinder is improper. He asserts that there is no nexus of facts between the allegations asserted against him and those asserted against the other defendants; that it would not be inconvenient to transfer the claims against him to the Middle District, and that the balancing of factors of convenience and justice support severance and transfer. The Court, however, concludes otherwise, and finds, at this juncture, that Cowles' joinder is desirable from the standpoint of complete adjudication and

---

[4]

Cowles joinder is permitted under Rule 19(a) which provides that persons may be joined who are subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason the claimed interest

elimination of re-litigation. The Court further concludes that Cowles was properly joined as a defendant party, and that venue is appropriate in the Southern District and should not be disturbed. Finally, the Court concludes that the interests of judicial economy, the convenience of the parties, deference to Plaintiffs' choice of forum, and the public's interest in effective and expeditious litigation, negate Cowles' preference to have the claims transferred to the Middle District.

Cowles' joinder is permitted under Rule 20 with the other defendants because there is asserted against him, and all defendants, jointly, severally, or in the alternative, a right to relief which purportedly arises out of the same transaction, occurrence, or series of transactions and there are claimed questions of law or fact common to all defendants that arise under the Voting Rights Act, the National Voter Registration Act, and other remedial laws. Under such circumstances, joinder is permitted. For instance, in *United States v. Mississippi*, 380 U.S. 128, 142, 85 S.Ct. 808, 815-16 (1965), the United States Supreme Court, in applying Rule 20, upheld a district court's joinder of voting registrars who the plaintiffs alleged were continuing to act as part of a state-wide system designed to deprive African Americans of their rights under the Voting Rights Act, the Fourteenth and Fifteenth Amendments, and

Article I of the Constitution. The Court based its holding, in part, on its finding that the defendants engaged in "a series of transactions . . . the validity of which depended . . . upon 'question[s] of law or fact common to all of them.'" *Id.* at 143. Specifically, the Court held that Rule 20(a) authorized joinder of the registrars as defendants in light of the allegation that the registrars "had acted and were continuing to act as part of a state-wide system designed to enforce the registration laws in a way that would inevitably deprive . . . [black] people of the rights to vote solely because of their color." *Id.* at 142.

Here, the alleged violations against Cowles appear to be reasonably related to the claims against the other defendants because all of the claims are alleged to be rooted in a single transaction or series of transactions involving Black citizens throughout the State of Florida during the election held on November 7, 2000. It makes no difference that the defendants from one county may have little interest in the claims asserted against other counties, for Rule 20(a) expressly provides that "[a] plaintiff or defendant need not be interested in obtaining or defending against all of the relief demanded." *See Dillard v. Crenshaw County*, 640 F.Supp. 1347, 1369 (M.D. Ala. 1986) (upholding joinder among multiple counties for voting rights violation).[5]

---

[5] Although venue issues have been raised, little discussion is required. This Court has

## III. DEFENDANT LOWE'S MOTION FOR SUMMARY JUDGMENT.

Defendant Deanie Lowe, as Volusia County Elections Supervisor, has moved for summary judgment against the Plaintiffs based on the allegations of the Plaintiffs' original Complaint [D.E. # 59]. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is authorized where the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). The court's focus in reviewing a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3D 642, 646 (11th Cir. 1997). The moving party has the initial burden of informing the court of the

---

proper venue pursuant to 28 U.S.C. § 1391(b) since one or more defendants reside in the Southern District, all defendants reside in the State of Florida, and a substantial part of the events or omissions alleged in the Complaint giving rise to the various claims are alleged to have occurred in the Southern District of Florida. Likewise, for reasons similar to Co-defendant Lowe, the Plaintiffs' choice of forum is not "clearly outweighed" by inconvenience to the parties or merited by the interest of justice. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).("[T]he plaintiff's choice of forum should not be disturbed unless the movant can show that it is clearly outweighed by other considerations."). Here, Cowles has failed to demonstrate a clear balance of inconvenience in his favor, nor has he demonstrated that the balance of factors generally weigh in favor of severance and transfer, including convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, or other practical factors that make trial of the case easy, expeditious and inexpensive.

basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970); *Tyson Foods, Inc.*, 121 F.3d at 646; *Celotex v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986). When the non-moving party bears the burden of proof on an issue at trial, the moving party need not "support its motion with affidavits or other similar material negating the opponent's claim,"*Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553, in order to discharge this initial responsibility. Instead, the moving party simply may "'show[]'-that is, point[] out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554 (citations omitted).

In response to a properly supported motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Issues of fact are genuine only if a reasonable fact-finder, considering the evidence presented, could find for the nonmoving party. *Anderson*, 477 U.S. at 247-51, 106 S.Ct. at 2510-11. If the non-moving party fails to "make a sufficient showing on an essential element of her case with respect to which she has the burden of

proof," then the court must enter summary judgment for the moving party. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552. In determining whether to grant summary judgment, the district court must remember that, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*. 477 U.S. at 255, 106 S.Ct. at 2513. The court resolves all ambiguities and draws all justifiable inferences in favor of the non-moving party. *Id*. Furthermore, summary judgment is properly regarded not as a disfavored procedural shortcut but, rather, as an integral part of the federal rules as a whole, which are designed to secure a just, speedy, and inexpensive determination of every action. *See Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555.

Here, Plaintiffs' statement of material facts and supporting affidavits demonstrate genuine issues of material facts concerning each of the original claims asserted against Lowe. These issues include whether: (1) Lowe wrongfully purged Ursula Y. Harvey and Emery H. Timberlake, Sr. from the voter rolls without notification; (2) Lowe denied Harvey and Timberlake the opportunity to affirm or confirm on election day that they resided in Volusia County; (3) Lowe failed to process Timberlake's absentee ballot request form

or notify him that his request could not be timely processed or was denied; (4) Lowe rejected as incomplete at least fifty voter registration applications from a voter registration drive at a predominantly Black college without any notice to the registrants in a manner required by law; (5) Precinct 621, a predominantly Black precinct in Volusia County, had a "disproportionate number" of unregistered precinct voters, and (6) Lowe, at a minimum, was negligent in her conduct toward Timberlake and the putative class, and, under color of law, negligently applied different standards, practices or procedures in determining whether some voters were qualified to vote and denied other individuals the right to vote because of immaterial error and omissions in registration and ballot applications. Therefore, at this juncture of the case, the Court finds the Defendant's motion for summary judgment to be premature. Following additional discovery, and upon consideration of Plaintiffs' motion for class certification, the Court will be in a better position to assess these matters and the additional arguments raised, including whether Timberblake has standing as a class representative, whether the NAACP has standing to pursue claims against Lowe, and whether there is an implied right of action under 42 U.S.C. § 1971 and Fla.Stat. § 104.0515. Accordingly, the Defendant's motion is denied without prejudice.

## IV. MOTION BY CHOICEPOINT TO DISMISS AND MOTION BY KATHERINE HARRIS TO ABATE.

Since Plaintiffs have been permitted to file an amended complaint which will affect a number of issues raised by these motions, the Court will deny the motions with leave to re-file and supplement, as warranted, in response to the amended complaint. A detailed analysis of the grounds asserted will await such supplementation and Plaintiffs' responses thereto.

**WHEREFORE**, it is **ORDERED**:

1. Defendant Choicepoint, Inc.'s motion to dismiss [D.E. # 17] is denied without prejudice with leave to re-file and supplement in response to Plaintiffs' amended complaint.

2. Defendant Lowe's motion for summary judgment [D.E. # 59] is denied without prejudice with leave to re-file following the completion of discovery in the cause.

3. Defendant Lowe's motion to sever and transfer [D.E. # 73] is denied.

4. Defendant Cowles' motion to sever or transfer [D.E. # 105] is denied.

5. Defendant Harris and Roberts' motion to abate [D.E. # 106] is denied without prejudice with leave to re-file and supplement in response to Plaintiffs' amended complaint.

6. Plaintiffs' motion to amend complaint [D.E. # 116 & 123] is granted.

Plaintiffs shall immediately file a copy of the Amended Complaint with the Clerk of Court and serve the amended complaint, which shall receive a separate docket number. All pending Defendants shall respond to the amended complaint within twenty (20) days from the date of this Order. All new Defendants shall file responses to the amended complaint following service in accordance with the Federal Rules of Civil Procedure.

**DONE AND ORDERED** this 10 day of August, 2001.

ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

C.C.
*U.S. Magistrate Judge Andrea Simonton*

**Thomasina H. Williams, Esq.**
**Law Offices Williams & Associates, P.A.**
Brickell BayView Centre, Suite 1830
80 S.W. Eighth Street
Miami, FL 33130

**Dennis Hayes, Esq.**
**Angela Ciccolo, Esq.**
**Bruce Gear, Esq.**
NAACP Legal Department
4805 Mount Hope Drive, Fifth Floor
Baltimore, MD 21215-3297

**Barbara Arnwine, Esq.**
**Thomas J. Henderson, Esq.**

Anita Hodgkiss, Esq.
Lori Outzs Borgen, Esq.
**Lawyers' Committee for Civil Rights Under Law**
1401 New York Avenue, NW, Suite 400
Washington, DC 20005-2124

Elaine R. Jones, Esq.
   Director-Counsel
Theodore M. Shaw, Esq.
Norman Chachkin, Esq.
Jacqueline A. Berrien, Esq.
Janai Nelson, Esq.
**NAACP Legal Defense & Educational Fund, Inc.**
99 Hudson Street, Suite 1600
New York, NY 10013

Todd A. Cox, Esq.
**NAACP Legal Defense & Educational Fund, Inc.**
1444 Eye Street, N.W., 10th Floor
Washington, DC 20005

Laughlin McDonald, Esq.
**ACLU Voting Rights Project**
2725 Harris Tower
233 Peachtree Street NE
Atlanta, GA 30303

Penda Hair, Esq.
Judith Browne, Esq.
Monique Dixon, Esq.
**The Advancement Project**
1730 "M" Street, NW, Suite 401
Washington, DC 20036

Louis M. Bograd, Esq.
**American Civil Liberties Union Foundation**
**National Legal Department**
733 15th Street, NW, Suite 620
Washington, DC 20005

Elliot M. Mincberg, Esq.
Lawrence S. Ottinger, Esq.
Alma C. Henderson, Esq.

**People for the American Way Foundation**
2000 "M" Street, N.W., Suite 400
Washington DC 20036

**John W. Little, III, Esq.**
**Walter J. Harvey, Esq.**
**Steel Hector & Davis, LLP**
**Attorneys for Secretary of State and**
**Director, Division of Elections**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401

**Thomas A. Tucker Ronzetti, Esq.**
**Jeffrey P. Ehrlich, Esq.**
**Assistant County Attorney**
**Miami-Dade County**
111 N.W. First Street, Suite 2810
Miami, FL 33128-1930

**James A. Cherof, Esq.**
**Kerry L. Ezrol, Esq.**
**Michael Cirullo, Jr., Esq.**
**Josias, Goren, Cherof, Doody & Ezrol, P.A.**
**Attorneys for Broward County Supervisor**
3099 East Commercial Boulevard
Fort Lauderdale, FL 33308

**Burnadette Norris-Weeks, Esq.**
**Attorney for Broward County Supervisor**
100 S.E. Sixth Street
Fort Lauderdale, FL 33301

**Tracey I. Arpen, Esq.**
**Office of General Counsel, Duval County**
117 West Duval Street, Suite 480
Jacksonville, FL 32202-3700

**H. Ray Allen, II, Esq.**
**Senior Assistant County Attorney**
**Hillsborough County, Florida**
601 E. Kennedy Blvd., 27th Fl.
Tampa, FL 33602

**Christopher R. Haughee, Esq.**
**The Bentley Law Group**
**Attorneys for Leon County Supervisor**
710 East Main Street
Bartow, FL 33830-4832

**Daniel D. Eckert, Esq.**
**County Attorney**
**Frank Gummey, Esq.**
**Assistant County Attorney**
**County of Volusia**
123 West Indiana Avenue
DeLand, FL 32720-4613

**Mitchell Bloomberg, Esq.**
**Adorno & Zeder**
**Attorneys for ChoicePoint, Inc.**
2601 South Bayshore Drive, Suite 1600
Miami, FL 33133-5413

**Raymond W. Bergan, Esq.**
**Daniel A. Restrepo, Esq.**
**Williams & Connolly, LLP**
**Attorneys for ChoicePoint, Inc.**
725 Twelfth Street, NW
Washington, D.C. 20005-5901

**David V. Kornreich, Esq.**
**Muller, Mintz, Kornreich et al.**
**Attorneys for Volusia County Supervisor of Elections**
First Union Financial Center
200 S. Biscayne Blvd., Ste. 3600
Miami, FL 33131