**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 01-120-CIV-GOLD/SIMONTON**

-------------------------------------------------------------------------------x

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF
COLORED PEOPLE, INC. by its FLORIDA STATE
CONFERENCE OF BRANCHES, et al.,

        Plaintiffs,

vs.

KATHERINE HARRIS, Secretary of State of Florida; et al.,

        Defendants.

-------------------------------------------------------------------------------x

FILED by ___ D.C.
DKTG

NOV 6 2001

CLERK U.S DIST. CT.
S.D. OF FLA.; MIAMI

**DECLARATION OF LORI OUTZS BORGEN, ESQ. IN SUPPORT**
**OF PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR CLASS ACTION CERTIFICATION**

LORI OUTZS BORGEN, ESQ. declares:

1.      I am a Staff Attorney with the Lawyers' Committee for Civil Rights Under Law,

Voting Rights Project, 1401 New York Avenue, NW, Suite 400, Washington, D.C., 20005,

Phone: 202-662-8600, Fax: 202-783-5130, attorneys for Plaintiffs in the above-captioned case. I

have been admitted to appear and participate *pro hac vice* in this case, pursuant to this Court's

Order dated May 2, 2001. I am fully familiar with the facts set forth herein, and respectfully

submit this declaration in support of Plaintiffs' Supplemental Memorandum of Law in Support

of Motion for Class Action Certification.

2.      On June 18, 2001, Plaintiffs' Motion for Class Action Certification was filed with

the Court. Plaintiffs submitted the Affidavit of Lori Outzs Borgen, Esq., with annexed exhibits,

dated June 15, 2001, in support of the motion.

3.      In an Omnibus Order signed August 10, 2001, the Court denied several motions filed by Defendants and granted Plaintiffs leave to file an Amended Complaint.  On August 21, 2001, Plaintiffs filed the Amended Complaint with the Court and the prior defendants.  In the Amended Complaint, Plaintiffs added one Plaintiff – Ursula Harvey – and two Defendants – Fred Dickinson, Director of the Department of Highway Safety and Motor Vehicles ("DHSMV" or "DMV"), and Kathleen Kearney, Director of the Department of Children and Families ("DCF").  On September 11, 2001, Summonses were issued for service of the Amended Complaint on Dickinson and Kearney.

4.      In the August 10, 2001 Order, the Court established a schedule for class certification discovery, which set October 22, 2001 as the closing date for class certification discovery and which established a briefing schedule for the motion for class certification. Plaintiffs have diligently conducted discovery to meet the court-imposed October 22, 2001 deadline.  In addition to written discovery, Plaintiffs have conducted the depositions of Janet Modrow, Division of Elections, and Marlene Thorogood, DBT.  Defendants have taken the depositions of Plaintiffs Consuelo Maria Graham, John Cheever, James Marshall, and Lillie Odom.  In a letter dated October 22, 2001, Plaintiffs notified Defendants that they will be moving to voluntarily dismiss Erma Kelly as a plaintiff.

5.      On October 22, 2001, Defendants DSHMV and DCF filed a motion to extend the time for class-certification discovery and they filed a motion to dismiss or abate.  By Order signed October 29, 2001, the Court scheduled a telephonic hearing on the motion for an enlargement for November 19, 2001.

6.      Pursuant to federal law, *see* 42 U.S.C. § 1975a(a)(1), the United States Commission on Civil Rights ("Commission") conducted an investigation into voting

2

irregularities in Florida following the November 7, 2000 election and issued its final report, entitled "Voting Irregularities in Florida During the 2000 Presidential Election", in June 2001. An excerpt of this report was annexed to my affidavit executed on June 15, 2001. A full copy of the published report is annexed as Exhibit 1 to this declaration. In addition, the Appendix of the Commission's Final Report is attached hereto as Exhibit 2. Copies of these documents have been provided only to the Court due to the expense of copying the 148-page report and more than 250-page appendix, which are publicly available. The full report and appendix are available online at http://www.usccr.gov/vote2000/stdraft1/main.htm. Plaintiffs' counsel will furnish a complete copy of the report and appendix to any party upon request.

7. On December 14, 2000, Florida Governor Jeb Bush signed Executive Order 00-349 to create the Select Task Force on Election Procedures, Standards and Technology ("Select Task Force") to study and make written policy recommendations regarding election procedures, standards and technology employed in each of Florida's 67 counties. An excerpt of this report was annexed to my affidavit executed on June 15, 2001. A full copy of the published report is annexed as Exhibit 3 to this declaration. A copy of this document had been provided only to the Court due to the expense of copying the 78-page report, which is publicly available. The full report is available online at http://www.collinscenter.org/info-url2660/info-url.htm. In addition, Plaintiffs' counsel will furnish a complete copy of the report to any party upon request.

8. Annexed as Exhibit 4 are declarations and affidavits of named Plaintiffs attesting to their experiences in the November 7, 2000 general election. These declarations and affidavits are attached hereto as Exhibit 4 a - o:

a. Valerie Buford-Wells, legal resident of Broward County;

b. Placide Dossous, legal resident of Broward County;

3

    c.      Julia Stoner, legal resident of Duval County;

    d.      Jimmie Pannell, legal resident of Duval County;

    e.      Sherry Edwards, legal resident of Hillsborough County;

    f.      Lorine Walden, legal resident of Broward County;

    g.      Joanna Clark, legal resident of Broward County;

    h.      Lillie Odom, legal resident of Miami-Dade County;

    i.      James Marshall, legal resident of Miami-Dade County;

    j.      Michelle Floyd, legal resident of Leon County;

    k.      Ursula Harvey, legal resident of Volusia County (a copy of Ms. Harvey's affidavit is attached; the original affidavit was submitted to the Court in support of Plaintiffs' Memorandum of Law in Opposition to Motion for Summary Judgment by Defendant Deanie Lowe, DE 89);

    l.      Emery Timberlake, legal resident of Volusia County (a copy of Mr. Timberlake's affidavit is attached; the original affidavit was submitted to the Court in support of Plaintiffs' Memorandum of Law in Opposition to Motion for Summary Judgment by Defendant Deanie Lowe, DE 89);

    m.      John Cheever, legal resident of Miami-Dade County;

    n.      Natalie Carnegie, legal resident of Hillsborough County; and,

    o.      Jermaine Terry, legal resident of Hillsborough County.

    9.      Annexed as Exhibit 5 are declarations and statements from potential class

members attesting to their experiences in the November 7, 2000 general election.  These

declarations and statements are attached hereto as Exhibit 5 a - m:

    a.      Dedrana McCray, legal resident of Miami-Dade County, who was denied the opportunity to exercise her right to vote by affidavit on November 7, 2000, after a poll worker at her precinct could not locate her name on the voter roll;

b.  Claire Sanchez, legal resident of Miami-Dade County, who is a Creole-speaking voter who was denied the opportunity to be provided language assistance at the polls on November 7, 2000;

c.  Louise LaFrance, legal resident of Miami-Dade County, a Creole-speaking voter who was denied the opportunity to be provided language assistance at the polls on November 7, 2000;

d.  Alishea Young, legal resident of Leon County, who was denied the opportunity to exercise her right to vote because of problems with voter registration;

e.  Aprilia Hubbard, legal resident of Pinellas County, who was denied the opportunity to vote because of the failure to timely and accurately process her voter registration application which was completed at DMV;

f.  Wilhelmena Evons, legal resident of Palm Beach County, who was denied the opportunity to exercise her right to complete an affidavit attesting to her new residence and, therefore, denied the right to vote;

g.  Tavares Ferguson, legal resident of Leon County;

h.  Donnise DeSouza, legal resident of Miami-Dade County;

i.  Hosetta Troupe, legal resident of Hillsborough County;

j.  Jean Harrison, legal resident of Hillsborough County;

k.  Phyllis Edwards, legal resident of Hillsborough County;

l.  Curtis Sherard, legal resident of Miami-Dade County; and,

m.  Admatha Israel, legal resident of Miami-Dade County.

10.  Annexed as Exhibit 6 are declarations and complaints from witnesses attesting to their experiences in the November 7, 2000 general election.  The declarations and complaints are attached hereto as Exhibit 6 a - q:

a.  Elease Williams, a poll clerk in Broward County;

b.  Martha Johnson, Assistant Clerk at a polling place in Broward County;

c.  Denise Edwards, poll observer in Miami-Dade County;

5

d.      Gladys L. Darville, precinct inspector in Palm Beach County;

e.      Murielle Joseph, legal resident of Miami-Dade County;

f.      Mary McCarley Burmester, precinct clerk in Palm Beach County;

g.      Hans Ottinot, legal resident of Miami-Dade County;

h.      Pauline Brooks, poll worker in Duval County;

i.      Carolyn Williams, poll worker in Hillsborough County;

j.      Sheila Beale, poll worker in Plant City, Florida;

k.      Gregory Duckett, Saint Petersburg Branch, NAACP;

l.      Curtis Hunter, regarding Leon County problems;

m.      Robert Haddock, complaint to Volusia County NAACP;

n.      Rahman Johnson, complaint regarding Duval County;

o.      Patricia James, poll worker in Duval County;

p.      Eugene Armao, poll watcher in Duval County; and,

q.      Rita Wilson, legal resident of Duval County.

11.      On September 21, 2001, Plaintiffs served their first set of Document Requests and Interrogatories on Defendant Harris, Roberts, DBT, Leahy, Oliphant, Stafford, Iorio, Sancho, Cowles, and Lowe.  Defendants have received at least partial responses to these requests from Defendants Harris, Roberts, DBT, Leahy, Iorio, Cowles, and Lowe.  Plaintiffs agreed that Defendant Leahy could take additional time to submit responses to the Document Requests.  According to counsel for Defendant Leahy, the documents will be made available in the Document Repository as of November 5, 2001.  Plaintiffs reserve the right to supplement their evidence in support of class certification on reply after having an opportunity to review these documents and other materials subsequently produced as part of class certification discovery.

6

12.     Defendant William Cowles, Supervisor of Elections of Orange County, responded to Plaintiffs' First Set of Document Requests and Interrogatories on October 30, 2001. Annexed as Exhibit 7 is a copy of an excerpt of that Response. A complete and original copy of the Response is on file with Plaintiffs' counsel and is available at the request of any party.

13.     Defendant Deanie Lowe, Supervisor of Elections of Volusia County, responded to Plaintiffs' First Set of Document Requests and Interrogatories on October 23, 2001. Annexed as Exhibit 8 is an excerpt of that Response. A complete and original copy of the Response is on file with Plaintiffs' counsel and is available at the request of any party.

14.     In the Initial Disclosures of Defendant Deanie Lowe dated August 21, 2001 and October 29, 2001, Defendant Lowe produced records pertaining to more than 120 voters whose registrations Defendant Lowe determined were cancelled erroneously prior to the November, 2000 election. A copy of the complete set of these records is on file with Plaintiffs' counsel and is available at the request of any party.

15.     Defendant Pam Iorio, Supervisor of Elections of Hillsborough County, responded to Plaintiffs' First Set of Document Requests and Interrogatories on October 24, 2001. Annexed as Exhibit 9 is an excerpt of that Response, including printouts of data contained in two electronic files labeled No.12txt and No.9.1st. on a CD-ROM produced by Defendant Iorio. A complete and original copy of the Response is on file with Plaintiffs' counsel and is available at the request of any party.

16.     In answer to interrogatory 9, Defendant Iorio responded that "[a] total of 240 voters who registered prior to the close of registration for the general election in 2000 were not notified as to the status of their application at least 10 days prior to the election." Exhibit 9, at 9. Defendant Iorio provided Plaintiffs with an electronic file of these 240 voters. Of these 240

7

voters, 108 voted on November 7, 2000 and 132 did not.

17.     Defendant David Leahy, Supervisor of Elections of Miami-Dade County, responded to Plaintiffs' First Set of Document Requests and Interrogatories on October 23, 2001. Annexed as Exhibit 10 is an excerpt of that Response. A complete and original copy of the Response is on file with Plaintiffs' counsel and is available at the request of any party.

18.     Defendant ChoicePoint, Inc., d/b/a Database Technologies, Inc. ("DBT") responded to Plaintiffs' First Set of Document Requests and Interrogatories on October 24, 2001. Annexed as Exhibit 11 is an excerpt of that Response. A complete and original copy of the Response is on file with Plaintiffs' counsel and is available at the request of any party.

19.     On January 11 and 12, 2001, the United States Commission on Civil Rights held a hearing in Tallahassee, Florida on "Allegations of Election-Day Irregularities in Florida." Plaintiffs have attached hereto copies of the certified transcripts of the following excerpts from that hearing: testimony of R. Jai Howard, Vice President of the Florida A&M University Student Government Association, attached hereto as Exhibit 12(a); testimony of Robert Butterworth, Attorney General of Florida, attached hereto as Exhibit 12(b); and testimony of Congresswoman Corrine Brown, attached hereto as Exhibit 12(c).

20.     On February 16, 2001, the United States Commission on Civil Rights held a hearing in Tallahassee, Florida on "Allegations of Election-Day Irregularities in Florida." Plaintiffs have attached hereto copies of the certified transcripts of the following excerpts from that hearing: testimony of David Leahy, Supervisor of Elections of Miami-Dade County, attached hereto as Exhibit 13(a); testimony of Barbara Phoele, official poll worker in November 7, 2000 general election in Broward County, attached hereto as Exhibit 13(b); testimony of

8

Marilyn Nelson, official poll worker in November 7, 2000 general election in Miami-Dade County, attached hereto as Exhibit 13(c).

21.     On January 8, 2001, the Governor's Select Task Force heard testimony in Tallahassee, Florida, on "Election Procedures, Standards and Technology." Annexed as Exhibit 14, Plaintiffs have attached hereto copies of excerpts from certified transcripts of the testimony of Pam Iorio, Supervisor of Elections of Hillsborough County.

22.     On January 9, 2001, the Governor's Select Task Force heard testimony in Tallahassee, Florida, on "Election Procedures, Standards and Technology." Annexed as Exhibit 15, Plaintiffs have attached hereto excerpts from certified transcripts of the testimony of Clay Roberts, Director, Florida Division of Elections.

23.     On January 23, 2001, the Governor's Select Task Force heard testimony in Orlando, Florida, on "Election Procedures, Standards and Technology." Annexed as Exhibit 16, Plaintiffs have attached hereto excerpts from certified transcripts of the testimony of Pat Hollarn, Supervisor of Elections of Okaloosa County.

24.     On February 1, 2001, the Governor's Select Task Force heard testimony in Davie, Florida, on "Election Procedures, Standards and Technology." Annexed as Exhibit 17, Plaintiffs have attached hereto excerpts from certified transcripts of the testimony of Fred Dickinson, Executive Director of Department of Highway Safety and Motor Vehicles.

25.     As part of her response to Plaintiffs' First Set of Document Requests and Interrogatories, Defendant Pam Iorio provided Plaintiffs with copies of "Clerks Feedback Forms" for precincts in Hillsborough County. The Clerks Feedback Forms reveal that over 150 clerks reported problems with phone lines to the Supervisor of Elections office on election day. Annexed as Exhibit 18 is a sample of Hillsborough County Clerks Feedback Forms.

26.     As part of her response to Plaintiffs' First Set of Document Requests and Interrogatories, Defendant Deanie Lowe provided Plaintiffs with "2000 General Election Questionnaires" ("Questionnaires"), which were completed by poll workers at each precinct throughout Volusia County. These Questionnaires reveal that poll workers from over 100 precincts reported problems with phone lines to the Supervisor of Elections office on election day. The second most common problem, reported by poll workers in more than 40 precincts, concerned voters who stated that they had registered to vote through DHSMV, but whose names did not appear on the voter rolls. Annexed as Exhibit 19 is a sample of the Questionnaires.

27.     Annexed as Exhibit 20 is a list of "voters who were added to the system after an office error was made and were eligible to vote in the General Election" in Leon County that was provided to Plaintiffs pursuant to Plaintiffs' public records request, and produced to Defendants in Plaintiffs' Initial Disclosures, Bates number A006231.

28.     Annexed as Exhibit 21 is correspondence dated November 12, 2000 and December 18, 2000 between Mr. Willie L. Dennison, a voter who was wrongfully purged from the Orange County voter rolls, and Mr. William Cowles, Supervisor of Elections of Orange County. These letters were provided by defendant Orange County in response to plaintiffs' document request.

29.     In Orange County's responses to Plaintiffs' request for production of documents, Defendant William Cowles provided Plaintiffs with Affirmation/Affidavit Forms of voters who did not vote on election day because of inadequate phone lines to the Supervisor of Elections' office. Annexed as Exhibit 22(a) is a sample of those forms. Defendant Cowles also provided Plaintiffs with "Election Board Comments," where precinct clerks report problems arising during election day. Annexed as Exhibit 22(b) is a sample of Election Board Comments, where clerks

complain of problems with phone lines on election day.

30.     Annexed as Exhibit 23 is Hillsborough County's response to Plaintiffs'
Interrogatory No. 2, asking for the identification, and all related documents, of all individuals
determined to have been improperly denied the right to vote in the November 7, 2000 election.

31.     Annexed as Exhibit 24 is a memorandum from Sharon A. Pinkney, Senior
Elections Clerk, Volusia County, to Sandra Lambert, Director, Division of Driver Licenses,
regarding problems Ms. Lambert has experienced with DHSMV in her capacity as an employee
of the Volusia County Supervisor of Elections. This memorandum was produced in Defendant
Lowe's initial disclosures.

32.     Annexed as Exhibit 25 are copies of complaints produced by the Office of the
Attorney General of Florida in response to Plaintiffs' public records request. These documents
were provided to Defendants as part of Plaintiffs' initial disclosures, Bates numbers A033218 to
A033262.

33.     Annexed as Exhibit 26 is a document provided by the Florida Department of Law
Enforcement (FDLE), pursuant to Plaintiffs' public record request, which provide the names,
addresses, birth dates, and race of all people who appealed a finding of ineligibility to vote based
on an alleged felony conviction and were cleared, but were not notified of such clearance until
the day of the November 2000 general election, or after that date.

34.     Annexed as Exhibit 27 is a sample of complaints received by the Secretary of
State, Division of Elections, in November 2000, regarding the November 7, 2000 election,
produced by the Office of the Attorney General in response to Plaintiffs' public records request
and labeled "Secretary of State, Division of Elections Phone Log 8/7/2000 - 11/16/2000."

35.     Annexed as Exhibit 28 is a sample of complaints received by the Office of the

11

Attorney General of Florida regarding the November 7, 2000 election produced by the Office of the Attorney General in response to Plaintiffs' public records request.

36.     On November 11, 2000, the NAACP held a hearing in Miami, Florida on voting irregularities. Approximately fifteen people testified to the voting irregularities they witnessed or experienced on November 7, 2000, including potential class members. The full report of these hearings was produced to Defendants as part of Plaintiffs' Initial Disclosures, bates-stamped A029518 - A029785. Plaintiffs' counsel will furnish a complete copy of the report to the Court upon request.

37.     On December 6 and 7, 2000, the Duval County branch of the NAACP held hearings on voting irregularities in Duval County. Over twenty witnesses testified at these hearings, including approximately ten potential class members. Poll workers testified about the problems they witnessed on election day, such as voters who left the precinct without voting because of busy phone lines to the Supervisor of Elections' office and properly registered eligible voters whose names appeared on the voter rolls, but were turned away by poll workers who refused to allow them to complete an affidavit and vote at that precinct, as mandated by Florida law, because they were at the wrong precinct, based on their street address. Potential class members testified about the problems they encountered on November 7, 2000. For example, Pamela Chambers, a legal resident of Duval County, experienced difficulty voting on the punch-card voting system used at her precinct. Richard Hayward, a properly registered eligible voter in Duval County and also a potential class member, was wrongfully identified as a convicted felon when he went to his precinct to vote. The full report of these hearings was produced to Defendants as part of Plaintiffs' Initial Disclosures, bates-stamped A029786 - A029955. Plaintiffs' counsel will furnish a complete copy of the report to the Court upon request.

12

38.     On February 3, 2001, the Hillsborough County branch of the NAACP held hearings on voting irregularities in the Tampa area.  Witnesses testified to the voting irregularities that occurred in Hillsborough County in the November 7, 2000 general election. The full report of these hearings was produced to Defendants as part of Plaintiffs' Initial Disclosures, bates-stamped A011918 - A011987.  Plaintiffs' counsel will furnish a complete copy of the report to the Court upon request.

39.     According to data obtained by Plaintiffs pursuant to public records requests and discovery, Plaintiff Wallace McDonald's name was provided by DBT as potentially ineligible to vote based on an alleged felony conviction.

40.     Annexed as Exhibit 36 are samples of complaints concerning poll workers in the November 7, 2000 general election.  These complaints were produced by Defendant Orange County in response to Plaintiffs' request for production of documents and by Defendants Harris and Roberts in their initial disclosures.

41.     Annexed as Exhibit 29 is a copy of the Florida A&M University ("FAMU") "Statement of Dissatisfaction", signed by over 100 students, and complaints from FAMU students who experienced problems voting in the November 7, 2000 general election.  This document was produced in Plaintiffs' initial disclosures, Bates numbers A032414 to A032432.

42.     Annexed as Exhibit 30 are complaints regarding problems encountered in the November 7, 2000 general election received by the Voting Integrity Project, forwarded by the Voting Integrity Project to the NAACP by letter dated March 6, 2001.  These complaints were produced in Plaintiffs' initial disclosures, Bates numbers A032433 to A032456.

43.     Pursuant to Plaintiffs' First Set of Document Requests and Interrogatories, Orange County has produced Election Board Comments related to the November 7, 2000 election.  An

excerpt of those documents regarding problems with computers at precincts is attached hereto as Exhibit 31.

44.     Annexed as Exhibit 32 are samples of complaints regarding DHSMV received by Supervisors of Elections of various counties; Office of the Attorney General of Florida; and Secretary of State, Division of Elections.  These documents were produced to Plaintiffs in response to public records requests, document requests and in initial disclosures.

45.     Annexed as Exhibit 33 are sample complaints regarding busy phone lines and voters unable to vote on election day received by Defendant Iorio and produced in response to Plaintiffs' request for production of documents.

46.     Annexed as Exhibit 34 are complaints regarding registration problems received by Defendant Iorio and produced in response to Plaintiffs' request for production of documents.

47.     Annexed as Exhibit 35 are complaints regarding the wrongful purging of voters' names from the voter rolls received by Supervisors of Elections of Hillsborough, Orange and Broward counties.  These complaints were produced in response to Plaintiffs' requests for production of documents and Plaintiffs' public records requests.

48.     Annexed as Exhibit 37 is a letter from Defendant Iorio to Dr. Sam Horton in response to the Hillsborough County NAACP's request to review voters' complaints produced by the Office of the Attorney General pursuant to Plaintiffs' public records request.

49.     Annexed as Exhibit 38 are documents related to the Central Voter File, including a memorandum from David Leahy to all Supervisors of Elections, dated May 17, 2000, on Revised Procedure, Central Voter File Felon List, and attachments, and a memo from the Central Voter File Committee to all Supervisors of Elections dated May 8, 2000 on Recommended Procedures, Central Voter File Felon List, with attachments.  These are public records obtained

from Miami-Dade County.

50.    Annexed as Exhibit 39 are excerpts from the transcript of an October 19, 2001 deposition of Marlene Thorogood, National Account Manager with ChoicePoint in Boca Raton. Ms. Thorogood has not yet had the opportunity to review and sign the deposition.

51.    Annexed as Exhibit 40 are excerpts from the transcript of an October 11, 2001 deposition of Plaintiff James Lewis Marshall.  Mr. Marshall has not yet had the opportunity to review and sign the transcript.

52.    Annexed as Exhibit 41 is Orange County's Response to Plaintiffs' Interrogatory number 2, containing records of voters who were eligible and sought to vote on November 7, 2000 but who were not allowed to cast a vote.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated:   November 6, 2001

LORI OUTZS BORGEN, ESQ.

15