**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)**

**Case No. 01-CIV-120-GOLD/SIMONTON**

NATIONAL ASSOCIATION FOR THE ADVANCMENT OF
COLORED PEOPLE, INC. by its FLORIDA STATE
CONFERENCE OF BRANCHES, etc., et al.,

Plaintiffs,

vs.

KATHERINE HARRIS, etc., et al.,

Defendants.

_____/



**ANSWER OF CHOICEPOINT, INC.
TO THE (FIRST) AMENDED COMPLAINT (DE141)**

ChoicePoint, Inc., on its behalf and on behalf of Database Technologies,

Inc. (currently the ChoicePoint Public Records Group) (hereafter "ChoicePoint"),

submits the following as an answer to the plaintiffs' (First) Amended Complaint

(DE141).[1]  This Defendant is referred to throughout this Answer as ChoicePoint.

**Preliminary Statement**

---

[1]   ChoicePoints' Motion to Dismiss the (First) Amended Complaint was denied
from the Bench on February 15, 2002.  Almost simultaneously, a (Second)
Amended Complaint was proffered.  An Answer to the (Second) Amended
Complaint is not yet due.  Titles and sub-titles follow those in the (First)
Amended Complaint.  They are for ease of reference only and form no part of
this Answer.

1.      As a statement of those upon whose behalf the action is brought, paragraph 1 requires no response.  Should a response be deemed required, paragraph 1 is denied.

2.      The first two sentences of paragraph 2 are admitted.  The remainder of paragraph 2 is denied.

3.      As a statement of the plaintiffs' contention, paragraph 3 requires no response.  Should a response be deemed required, paragraph 3 is denied.

### Jurisdiction

4.      Paragraph 4 is denied.

### Venue

5.      Paragraph 5 is admitted with respect to defendants Leahy, Oliphant and ChoicePoint.  The remainder is denied for lack of sufficient information either to admit or to deny.

### Parties; The Plaintiffs

6.      The first five sentences of paragraph 6 are admitted.  The last sentence is denied.

7.      Paragraph 7 is denied.

8.      Paragraph 8 is denied.

9.      ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 9.  They are, accordingly, denied.

10.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 10.  They are, accordingly, denied.

11.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 11.  They are, accordingly, denied.

12.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 12.  They are, accordingly, denied.

13.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 13.  They are, accordingly, denied.

14.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 14.  They are, accordingly, denied.

15.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 15.  They are, accordingly, denied.

16.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 16.  They are, accordingly, denied.

17.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 17.  They are, accordingly, denied.

18.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 19.  They are, accordingly, denied.

19.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 19.  They are, accordingly, denied.

20.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 20.  They are, accordingly, denied.

21.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 21.  They are, accordingly, denied.

22.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 22.  They are, accordingly, denied.

23.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 23.  They are, accordingly, denied.

24.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 24.  They are, accordingly, denied.

25.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 25.  They are, accordingly, denied.

26.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 26.  They are, accordingly, denied.

27.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 27.  They are, accordingly, denied.

28.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 28.  They are, accordingly, denied.

29.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 29.  They are, accordingly, denied.

30.     ChoicePoint does not have information sufficient either to affirm or to deny the allegations of paragraph 30.  They are, accordingly, denied.

### Parties; Defendants

31.    The first three sentences of paragraph 31 are admitted.  The remainder of paragraph 31 is denied.

32.    The first two sentences of paragraph 32 are admitted.  The remainder of paragraph 32 is denied.

33.    The first two sentences of paragraph 33 are admitted.  The remainder of paragraph 33 is denied.

34.    The first two sentences of paragraph 34 are admitted.  The remainder of paragraph 34 is denied.

35.    Paragraph 35 is admitted.

36.    Paragraph 36 is admitted, except that ChoicePoint denies it acted as an agent for the state of Florida in other than in the very limited fashion described in F.S.A. § 98.0975 (3)(b).

## Class Action Allegations

37.    As a statement of the plaintiffs' intention, paragraph 37 requires no response.  Should an answer be deemed required, paragraph 37 is denied.

38.    As a statement of the plaintiffs' intention, paragraph 38 requires no response.  Should an answer be deemed required, paragraph 38 is denied.

39.    Paragraph 39 is denied.

40.    Paragraph 40 is denied.

41.    Paragraph 41 is denied.

42.    Paragraph 42 is denied.

43.    Paragraph 43 is admitted.

44.      Paragraph 44 is denied.

## Legal Background; The National Voter Registration Act

45.      The allegations in paragraph 45 either do not relate to ChoicePoint or are conclusions of law as to which no response is required.  Should a response be deemed required, paragraph 45 is denied.

46.      The allegations in paragraph 46 either do not relate to ChoicePoint or are conclusions of law as to which no response is required.  Should a response be deemed required, paragraph 46 is denied.

47.      The allegations in paragraph 47 either do not relate to ChoicePoint or are conclusions of law as to which no response is required.  Should a response be deemed required, paragraph 47 is denied.

48.      The allegations in paragraph 48 either do not relate to ChoicePoint or are conclusions of law as to which no response is required.  Should a response be deemed required, paragraph 48 is denied.

49.      The allegations in paragraph 49 either do not relate to ChoicePoint or are conclusions of law as to which no response is required.  Should a response be deemed required, paragraph 49 is denied.

50.      The allegations in paragraph 50 either do not relate to ChoicePoint or are conclusions of law as to which no response is required.  Should a response be deemed required, paragraph 50 is denied.

51.     The allegations in paragraph 51 either do not relate to ChoicePoint or are conclusions of law as to which no response is required.  Should a response be deemed required, paragraph 51 is denied.

52.     The allegations in paragraph 52 either do not relate to ChoicePoint or are conclusions of law as to which no response is required.  Should a response be deemed required, paragraph 52 is denied.

53.     The allegations in paragraph 53 either do not relate to ChoicePoint or are conclusions of law as to which no response is required.  Should a response be deemed required, paragraph 53 is denied.

## Legal Background; The Florida Election Reform Act of 2001

54.     ChoicePoint admits that the Florida legislature passed the Election Reform Act of 2001 on May 4, 2001, that it was signed into law on May 10, 2001, and that the Act contains provisions relating to several aspects of election reform sought by the plaintiffs in this (First) Amended Complaint, including decertification of "punch cards" as an available voting mechanism, requirements for provisional ballots, and funding voter equipment, poll worker training and education.  ChoicePoint denies the remaining allegations of paragraph 54.

55.     ChoicePoint admits that the Election Reform Act of 2001 addresses issues raised by the (First) Amended Complaint, and that three of the seventy-eight sections of the Act are currently still under review and require pre-clearance by the United States Department of Justice or the United States District

Court for the District of Columbia pursuant to section 5 of the Voting Rights Act, 42

U.S.C. § 1973c.  The remaining allegations of paragraph 55 are denied.

### Facts; Arbitrary and Racially
### Disparate Adverse Impact of Electoral System

56.     ChoicePoint admits that the Defendant Katherine Harris is the

head of the Department of State, that the Department examined certain electronic

or electromechanical voting systems to determine if they complied with state law

pursuant to F.S.A. § 101.5605, that Defendant Clay Roberts is the Director of the

Florida Division of Elections, that the Division is responsible for adopting uniform

rules for the purchase, use, and sale of voting equipment in the state and for voting

systems standard and certification, that the Division certified certain voting

systems for use in Florida, including several devices involving the use of "punch

card" ballots prior to the passage of the Election Reform Act of 2001, and that

pursuant to law each county is authorized to select its voting method from the list of

systems certified by the Division.  ChoicePoint denies the remaining allegations of

paragraph 56.

57.     On information and belief, ChoicePoint admits that in the

November 2000 election, Miami-Dade County, as well as Broward, Collier, DeSoto,

Dixie, Duval, Gilchrist, Glades, Hardy, Highlands, Hillsborough, Indian River,

Jefferson, Lee, Madison, Marion, Martin, Nassau, Oceola, Palm Beach, Pasco,

Pinellas, Sarasota, Sumter and Wakulla Counties used "punch card" balloting

machines for voting, one county used manually tabulated paper ballots, and forty-

one other counties used some other form of voting.  ChoicePoint states that "punch card" voting systems have been decertified for future elections.

      58.     Paragraph 58 contains a statement of law as to which no response is required.  Should a response be deemed required, paragraph 58 is denied.

      59.     Paragraph 59 is denied.

      60.     To the extent paragraph 60 purports to quote from ***Siegel vs. LePore***, 234 F3d 1163 (11th Cir. 2000), reference made to the opinion itself for the accuracy and meaning thereof.  The remainder of paragraph 60 is denied for lack of information either to affirm or to deny.

      61.     Paragraph 61 contains a statement of law as to which no response is required.  Should a response be deemed required paragraph 61 is denied.

      62.     Paragraph 62 does not relate to ChoicePoint and, therefore, no response is required.  Should a response be deemed required, paragraph 62 is denied.

      63.     Paragraph 63 does not relate to ChoicePoint and, therefore, no response is required.  Should a response be deemed required, paragraph 63 is denied.

      64.     Paragraph 64 does not relate to ChoicePoint and, therefore, no response is required.  Should a response be deemed required, paragraph 64 is denied.

- 9 -

65.     Paragraph 65 does not relate to ChoicePoint and, therefore, no response is required.  Should a response be deemed required, paragraph 65 is denied.

66.     Paragraph 66 does not relate to ChoicePoint and, therefore, no response is required.  Should a response be deemed required, paragraph 66 is denied.

67.     Paragraph 67 does not relate to ChoicePoint and, therefore, no response is required.  Should a response be deemed required, paragraph 67 is denied.

68.     ChoicePoint admits that the next statewide election in Florida is scheduled for September 2002, that the Election Reform Act of 2001 was passed by the Florida legislature subsequent to the filing of this lawsuit (but not subsequent to the filing of the (First) Amended Complaint), and that the Act contains provisions relating to the decertification of the use of "punch card" voting machines in Florida. ChoicePoint further states that seventy-five of Act's seventy-eight sections have been pre-cleared pursuant to section 5 of the Voting Rights Act, and that the remaining sections are presently under review.  ChoicePoint denies the remaining allegations in paragraph 68.

**Facts; Racial Disparity in Election Administration in Miami-Dade County**

69.     The allegations of paragraph 69 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, paragraph 69 is denied.

70.    The allegations of paragraph 70 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, ChoicePoint is without sufficient information either to admit or to deny paragraph 70. It is, accordingly, denied.

71.    The allegations of paragraph 71 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, ChoicePoint is without sufficient information either to admit or to deny paragraph 71. It is, accordingly, denied.

72.    The allegations of paragraph 72 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, paragraph 72 is denied.

73.    The allegations of paragraph 73 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, ChoicePoint is without sufficient information either to admit or to deny the allegations of paragraph 73. It is, accordingly, denied.

74.    The allegations of paragraph 74 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, paragraph 74 is denied.

75.    The allegations of paragraph 75 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, ChoicePoint admits that the Election

Reform Act of 2001 contains provisions relating to the decertification of the use of "punch cards" voting machines in all Florida counties, including Miami-Dade County, and to training to poll workers regarding the operation of voting systems. ChoicePoint further states that seventy-five of the Acts seventy-eight motions have been pre-cleared pursuant to Section 5 of the Voting Rights Act, and the remaining sections are currently under review.  The remaining allegations of paragraph 75 are denied.

### Facts; Wrongful Purging of Voter from Official List of Eligible Voters

76.     The allegations of paragraph 76 either do not relate to ChoicePoint or are conclusions of law to which no response is required.  Should a response be deemed required, paragraph 76 is denied.

77.     Paragraph 77 is denied.

78.     The first sentence of paragraph 78 is denied.  The second sentence is admitted.

79.     Paragraph 79 is denied.

80.     The allegations of paragraph 80 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, paragraph 80 is denied.

81.     The allegations of paragraph 81 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, paragraph 81 is denied.

82.     The allegations of paragraph 82 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, paragraph 82 is denied.

83.     The allegations of paragraph 83 either do not relate to ChoicePoint or contain conclusions of law to which no response is required. Should a response be deemed required, paragraph 83 is denied.

84.     The allegations of paragraph 84 either do not relate to ChoicePoint or contain conclusions of law to which no response is required. Should a response be deemed required, paragraph 84 is denied.

85.     The allegations of paragraph 85 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, paragraph 85 is denied for lack of information sufficient either to admit or to deny.

86.     Paragraph 86 is denied.

87.     ChoicePoint is without information either to admit or to deny the allegations of paragraph 87. They are, accordingly, denied.

88.     ChoicePoint is without information either to admit or to deny the allegations of paragraph 88. They are, accordingly, denied.

89.     ChoicePoint is without information either to admit or to deny the allegations of paragraph 89. They are, accordingly, denied.

90.     ChoicePoint is without information either to admit or to deny the allegations of paragraph 90. They are, accordingly, denied.

91.     ChoicePoint is without information either to admit or to deny the allegations of paragraph 91.  They are, accordingly, denied.

92.     ChoicePoint is without information either to admit or to deny the allegations of paragraph 92.  They are, accordingly, denied.

93.     ChoicePoint admits that the Election Reform Act of 2001 contains provisions relating to provisional balloting, notification of voters prior to removal from the voter rolls, and development of the state wide voter registration database that can not be maintained by a private entity, and states that seventy-five of the Act's seventy-eight paragraphs have been pre-cleared.  ChoicePoint denies the remaining allegations of paragraph 93.

### Facts; Failure to Timely and Correctly Process
### Voter Registration Applications and Change of Address Information

94.     ChoicePoint states that paragraph 94 either does not relate to it or contains legal conclusions to which no response is required.  Should a response be deemed required, paragraph 94 is denied.

95.     ChoicePoint states that paragraph 95 either does not relate to it or contains legal assertions to which no response is required.  Should a response be deemed required, paragraph 95 is denied.

96.     Paragraph 96 does not relate to ChoicePoint and, therefore, no response is required.  Should a response be deemed required, ChoicePoint is without information sufficient either to admit or to deny the allegations of paragraph 96.  They are, accordingly, denied.

97. Paragraph 97 does not relate to ChoicePoint and, therefore, no response is required.  Should a response be deemed required, ChoicePoint is without information either to admit or to deny the allegations of paragraph 97.  They are, accordingly, denied.

98. ChoicePoint is without information either to admit or deny the allegations of paragraph 98.  They are, accordingly, denied.

99. ChoicePoint is without information either to admit or deny the allegations of paragraph 99.  They are, accordingly, denied.

100. ChoicePoint is without information either to admit or deny the allegations of paragraph 100.  They are, accordingly, denied.

101. ChoicePoint is without information either to admit or deny the allegations of paragraph 101.  They are, accordingly, denied.

102. ChoicePoint is without information either to admit or deny the allegations of paragraph 102.  They are, accordingly, denied.

103. ChoicePoint is without information either to admit or deny the allegations of paragraph 103.  They are, accordingly, denied.

104. Paragraph 104 is denied.

105. Paragraph 105 is denied.

**Facts; Improper Procedures for Changes of Residency,
Unequal Access to Inactive Voting List, and Failure to
Provide Means of Communication With Supervisor of Elections Office**

106.   The allegations of paragraph 106 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, paragraph 106 is denied.

107.   The allegations of paragraph 107 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, paragraph 107 is denied.

108.   The allegations of paragraph 108 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, ChoicePoint is without sufficient information either to admit or to deny the allegations of paragraph 108.  They are, accordingly, denied.

109.   The allegations of paragraph 109 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, ChoicePoint is without sufficient information either to admit or to deny the allegations of paragraph 109.  They are, accordingly, denied.

110.   The allegations of paragraph 110 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, ChoicePoint is without sufficient information either to admit or to deny the allegations of paragraph 110.  They are, accordingly, denied.

111.    The allegations of paragraph 111 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, paragraph 111 is denied.

112.    The allegations of paragraph 112 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, ChoicePoint is without sufficient information either to admit or to deny the allegations of paragraph 112.  They are, accordingly, denied.

113.    The allegations of paragraph 113 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, ChoicePoint is without sufficient information either to admit or to deny the allegations of paragraph 113.  They are, accordingly, denied.

114.    The allegations of paragraph 114 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, paragraph 114 is denied.

115.    The allegations of paragraph 115 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, ChoicePoint is without sufficient information either to admit or to deny the allegations of paragraph 115.  They are, accordingly, denied.

116. The allegations of paragraph 116 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, ChoicePoint is without sufficient information either to admit or to deny the allegations of paragraph 116. They are, accordingly, denied.

117. The allegations of paragraph 117 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, ChoicePoint is without sufficient information either to admit or to deny the allegations of paragraph 117. They are, accordingly, denied.

118. ChoicePoint admits that the Election Reform Act of 2001 contains provisions relating to provisional balloting, which may impact some of the issues raised in this litigation. ChoicePoint further admits that some of the issues may be affected by the Division of Elections' rule making process. The remaining allegations of paragraph 118 are denied.

### Fact; Poll Worker Error

119. The allegations of paragraph 119 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, paragraph 119 is denied.

120. The allegations of paragraph 120 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, ChoicePoint is without sufficient

information either to admit or to deny the allegations of paragraph 120.  They are, accordingly, denied.

121.    The allegations of paragraph 121 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, ChoicePoint is without sufficient information either to admit or to deny the allegations of paragraph 121.  They are, accordingly, denied.

122.    The allegations of paragraph 122 either do not relate to ChoicePoint or contain conclusions of law as to which no response is required. Should a response be deemed required, ChoicePoint admits that the Election Reform Act of 2001 contains provisions relating to rule making, poll worker training and election day procedures manual.  ChoicePoint denies the remainder of paragraph 122.

## Equitable Relief

123.    Paragraph 123 is denied.

## Claim for Relief; First Claim for Relief

124.    The First Claim for Relief seeks no relief against ChoicePoint and, therefore, no response is required.  Should a response  be deemed required, ChoicePoint hereby re-alleges and incorporates by reference its response to paragraphs 1-123 of the (First) Amended Complaint as though fully set forth herein.

125.   The First Claim for Relief seeks no relief against ChoicePoint and, therefore, no response is required.  Should a response  be deemed required, Paragraph 125 is denied.

### Claim for Relief; Second Claim for Relief

126.   ChoicePoint hereby re-alleges and incorporates by reference paragraphs 1-123 of the (First) Amended Complaint as though fully set forth herein.

127.   Paragraph 127 does not relate to ChoicePoint and, therefore, no response is required.  Should a response be deemed required, Paragraph 127 is denied.

128.   Paragraph 128 is denied.

### Claim for Relief; Third Claim for Relief

129.   ChoicePoint hereby re-alleges and incorporates by reference its response to paragraphs 1-123 of the (First) Amended Complaint as though fully set forth herein.

130.   Paragraph 130 is denied.

### Claim for Relief; Fourth Claim for Relief

131.   ChoicePoint hereby re-alleges and incorporates by reference paragraph 1-123 of the (First) Amended Complaint as though fully set forth herein.

132.   Paragraph 132 is denied.

### Claim for Relief; Fifth Claim for Relief

133.    ChoicePoint hereby re-alleges and incorporates by reference its responses to paragraphs 1-123 of the (First) Amended Complaint as though fully set forth herein.

134.    Paragraph 134 is denied.

### Claim for Relief; Sixth Claim for Relief

135.    ChoicePoint hereby re-alleges and incorporates by reference its response to paragraphs 1-123 of the (First) Amended Complaint as though fully set forth herein.

136.    Paragraph 136 is denied.

137.    ChoicePoint is without information sufficient either to admit or to deny the allegations of paragraph 137.  They are, accordingly, denied.

### Affirmative Defenses

1.    The (First) Amended Complaint, and each count thereof, fails to state a claim upon which relief can be granted against ChoicePoint.

2.    The First Claim for Relief does not name ChoicePoint as a Defendant.

3.    The Court does not have subject matter jurisdiction of plaintiffs' complaint against ChoicePoint.

4.    The (First) Amended Complaint fails to join indispensible or necessary parties, i.e., sixty additional Supervisors of Election.

5.    The Third Claim for Relief fails to allege an essential element of an equal protection claim under 42 U.S.C. § 1983, i.e., an intent to discriminate.

6.      The Fourth Claim for Relief fails to state a claim because there is no private right of action under 42 U.S.C. § 1971.

7.      The Fifth Claim for Relief fails to state a claim because there is no private right of action under F.S.A. § 104.0515.

8.      Passage by the Florida Legislature of the Election Reform Act of 2001 renders plaintiffs' complaints moot, and deprives the Court of the jurisdiction to render effective relief.

9.      The intervening acts of the Secretary of State, the Division of Elections, and the sixty-seven County Supervisors of Elections, in utilizing the state-wide central voter files in the manner in which they did, is an intervening independent act which, absolves ChoicePoint of any responsibility for the final result of the lists' usage.

WHEREFORE, ChoicePoint requests an order be entered dismissing the claims against it and entering judgment in its favor against the plaintiffs, together with such other and further relief that the Court deems just and proper.

Respectfully submitted,

ADORNO & ZEDER

By: _____
Mitchell R. Bloomberg
Florida Bar No. 197289
2601 South Bayshore Drive
Suite 1600
Miami, FL 33133
305-858-5555

Raymond W. Bergan
Daniel A. Restrepo
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
202-434-5000
Counsel for ChoicePoint, Inc./DBT

Penda D. Hair, Esq.
Judith A. Browne, Esq.
Monique L. Dixon, Esq.
1730 M Street, NW, Suite 401
Washington, DC 20036
**The Advancement Project**

Elliot Minceberg, Esq.
Larry Ottinger, Esq.
Alma C. Henderson, Esq.
2000 M Street, NW, Suite 400
Washington, DC 20036
**People for the American Way
Foundation**

Todd A. Cox, Esq.
1444 Eye Street, NW 10th Floor
Washington, DC 20005
**NAACP Legal Defense & Educational
Fund, Inc.**

Steven Shapiro, Esq.
**ACLU Foundation**
125 Broad Street, 18th Floor
New York, NY 10004

Laughlin McDonald, Esq.
Regional Office
2725 Harris Tower
233 Peachtree Street, NE
Atlanta, GA 30303
**ACLU Foudation Southern**

David V. Kornreich, Esq.
Muller, Mintz, P.A.
Suite 3600
First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Tel: 407-843-1400
Fax: 407-843-1410
E-mail: NA
**Attorneys for Volusia County
Supervisor of Elections Deanie Lowe**

Tracey I. Arpen, Esq.
Office of General Counsel
117 W. Duval Street, Suite 480
Jacksonville, Florida 32202-3700
Tel: 904-630-1835
Fax: 904-630-2388
E-mail: tarpen@coj.cnet
**Attorneys for Duval County Supervisor of
Elections John Stafford**

Michael Cirullo, Esq.
3099 E. Commercial Blvd., Suite 200
Fort Lauderdale, Florida 33308-4311
Tel: 954-771-4500
Fax: 954-771-4923
E-mail: mcirullo@cityatty.com
**Attorneys for Orange County Supervisor of
Elections Williams Cowles**

George Waas, Esq.
Douglas B. Mac Innes
Assistant Attorney General
Office of the Attorney General
The Capitoal - Suite PL-01
Tallahassee, Florida 32399-1050
Tel: 850-414-3300
Fax: 850-488-4872
**Attorneys for Fred Dickinson, Executive
Director, Florida High Safety and Motor
Vehicles and Katheleen Kearney, Secretary
of the Florida Department of Children and
Families**

Elaine R. Jones
Jacqueline A. Berrien
Janai S. Nelson
Norman Chachkin, Esq.
Ted Shaw, Esq.
99 Hudson Street, Suite 1600
New York, NY 10013
**NAACP Legal Defense and Educational
Fund, Inc.**

Anita Hodgkiss, Esq.
Barbara Arnwine, Esq.
Thomas J. Henderson, Esq.
Lori Outzs Borgen, Esq.
1401 New York Avenue, NW, Suite 400
Washington, DC 20005
Tel:  202-622-8600
Fax: 202-783-5130
E-mail: ahodgkiss@lawyerscomm.org
**Lawyers' Committee for Civil Rights
  Under Law
Attorney for All Plaintiffs**

Raymond W. Bergan, Esq.
Daniel A. Restrepo, Esq.
Williams & Connolly, LLP
725 Twelfth Street NW
Washington, DC 20005-5901
Tel: 202-434-5013
Fax: 202-434-5029
E-mail: rbergan@wc.com
**Attorneys for Choicepoint, Inc.**

Dennis Hayes, Esq.
Angela Cicciolo, Esq.
**NAACP Legal Department**
480-5 Mt. Hope Drive, Fifth Floor
Baltimore, Maryland 20215-3297

Louis M. Bograd, Esq.
**American Civil Liberties Union
Foundation National Legal Department**
733 15th Street, NW, Suite 620
Washington, DC 20005

## SERVICE LIST

Thomasina H. Williams, Esq.
Law Offices Williams & Associates, P.A.
Brickell Bay View Centre, Suite 1830
80 S.W. Eighth Street
Miami, Florida 33130
Tel: 305-379-6676
Fax: 305-379-4541
E-mail: wmslaw@winstarmail.com
**Attorneys for ALL Plaintiffs**

H. Ray Allen, II
Sr. Assistant County Attorney
P. O. Box 1110
Tampa, Florida 33601
Tel: 813-272-5670
Fax: 813-272-5846
E-mail: allenr@hillsboroughcounty.org
**Attorney for Pam Iorio**
**Hillsborough County Election Supervisor**

Jeffrey P. Ehrlich, Esq.
Assistant County Attorney
Miami-Dade County, Florida
111 N.W. First Street, Suite 2810
Miami, Florida 33128-1993
Tel: 305-375-5744
Fax: 305-375-5611
E-mail: ehrlich@miamidade.gov
**Attorney for Miami-Dade County**
**Supervisor of Elections David Leahy**

Christopher R. Haughee, Esq.
The Bentley Law Group
690 East Davidson Street
Bartow, Florida 33830-4051
Tel: 863-519-9820
Fax: 863-519-0720
E-mail: chaughee@hotmail.com
**Attorneys for Leon County Supervisor of**
**Elections Ion Sancho**

Daniel D. Eckert, Esq.
123 West Indiana Avenue

Deland, Florida 32720-4613
Tel: 386-736-5950
Fax: 386-736-5990
E-mail: deckert@co.volusia.fl.us
**Attorney for Deanie Lowe**
**Volusia County Election Supervisor**

John W. Little, III
Steel, Hector & Davis
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Tel: 561-650-7270
Fax: 561-655-1509
E-mail: jlittle@steelhector.com
**Attorneys for Katherine Harris, Secretary**
**of State of Florida and Clay Roberts,**
**Director of the Florida Division of Elections**

James A. Cherof
Josias, Goren, Cherof, Doody & Ezrol, P.A.
3099 East Commercial Blvd.
Fort Lauderdale, FL 33308
**Attorneys for Broward County**
**Supervisor of Elections Miriam Oliphant**

Bernadette Norris-Weeks
Bernadette Norris-Weeks, P.A.
100 S.E. 6th Street
Fort Lauderdale, FL 33301
Tel: 954-768-9770
Fax: 954-768-9790
E-mail: bnorris199@aol.com
**Attorneys for Broward County**
**Supervisor of Elections Miriam Oliphant**

Case No: 01-0120-Civ-Gold/Simonton

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of foregoing was duly served by mail on this ⎍ day of March, 2002 upon all persons listed on the attached service list:

340492