UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-120-CIV-GOLD/SIMONTON

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,
INC., by its FLORIDA STATE
CONFERENCE OF BRANCHES, et al.,

        **Plaintiffs,**

vs.

**KATHERINE HARRIS**, Secretary of
State of Florida, et al.,

        **Defendants.**
_____/



FILED by __ D.C.

JUL 3 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## INTERIM ORDER ON CLASS CERTIFICATION
## AND MOTIONS FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Plaintiffs' Motions for Class Certification as well as the parties' various Motions for Summary Judgment in the above-captioned matter. Oral argument on Plaintiffs' original Motion for Class Certification was held on May 3, 2002. Additionally, oral argument regarding the certification of subclasses in this case as well as the parties' motions for summary judgment was held on July 26, 2002. Having reviewed the parties' arguments, the record, and relevant case law, the Court concludes that Plaintiffs' Motions for Class Certification should be granted in part and that the parties' Motions for Summary Judgment should be denied as numerous issues of material fact and law exist. The Court's decision on class certification is conditional under Fed. R. Civ. P. 23(c)(1). The subclasses shall be defined as set forth in the relevant section below. A more detailed order setting forth the Court's analysis regarding class certification and summary judgment shall be entered separately prior to commencement of trial.

**I.    BACKGROUND**

On January 10, 2001, the Plaintiffs filed their original Complaint alleging that Black Florida citizens were denied their opportunity to vote, were refused assistance, or were otherwise exposed to a significantly higher risk that their votes would not be counted in the official results during the November 7, 2000 election. The Complaint, brought as a class action, alleged five causes of action against various State officials and county supervisors of election: violation of the Fourteenth Amendment Equal Protection and Due Process Clauses; violation of Section 2 of the Voting Rights Act of 1965; violation of 42 U.S.C. § 1983 and the National Voter Registration Act; violation of the Civil Rights Act of 1957 and 1960, and violation of the Florida Voting Rights Act, Fla. Stat. § 104.0515.

Soon after the Plaintiffs filed their Complaint, the parties submitted a Joint Motion for Initial Scheduling Order and Stay of Proceedings [D.E. 45]. The parties requested a stay pending the completion of the Florida State Legislature's 2001 Session due to proposed election reforms after the November 7, 2000 election. The Court granted the parties' motion and stayed this case on April 23, 2001.

Upon completion of the 2001 Session of the Florida State Legislature, the Court held a status conference with the parties on June 21, 2001. Pursuant to the discussion at the status conference, the Court lifted the stay and required the parties to submit revised trial schedules. The Plaintiffs subsequently moved to amend the Complaint on July 18, 2001 to incorporate the following changes: (1) to take into account the potential impact of passage of the Florida Election Reform Act of 2001 on Plaintiffs' claims; (2) to add new parties; (3) to restructure and separate claims under 42 U.S.C. § 1983 and the National Voter Registration Act, 42 U.S.C. § 1973gg, *et. seq.*; (3) to clarify other existing claims; and (4) to identify specific additional prayers for relief. [D.E. # 116 & 123]. Finding no prejudice or undue hardship from an amendment of the Complaint, the Court granted Plaintiffs'

2

Motion to Amend on August 10, 2001 [D.E. 135].

In their First Amended Complaint, the Plaintiffs added Defendants Kathleen A. Kearney and Fred Dickinson. Due to their inclusion in this case at a later stage than the other Defendants, Kearney and Dickinson requested an extension of time to complete class discovery [D.E. 176]. The Court granted the Defendants' motion and revised and extended the deadlines for oral argument on motions to dismiss, class certification, and summary judgment motions [D.E. 203] on November 23, 2001. A few months later, however, the Plaintiffs once again moved to amend the Amended Complaint on February 14, 2002 [D.E. 228]. Specifically, the Plaintiffs requested further amendment: (1) to take into account the potential impact on the Plaintiffs claims of the preclearance by the U.S. Department of Justice of certain sections of the Florida Election Reform Act of 2001 ("FERA"); (2) take into account the decision of some Defendants to adopt a new voting system; (3) add a new Plaintiff; and ... (5) clarify existing allegations. *See* Motion to Amend [D.E. 228]. Upon notification that no Defendant objected to the Second Amended Complaint, this Court granted Plaintiffs' final Motion to Amend [D.E. 241] on February 28, 2002.

On May 3, 2002, the undersigned held oral argument on Plaintiffs' Motion for Class Certification [D.E. 100], originally filed on June 18, 2001. Prior to oral argument, the Plaintiffs submitted several amended and supplemental memoranda in support of class certification which revised the classes sought for certification. Initially, Plaintiffs requested the following class in June 2001:

> [A]ll Black citizens of the State of Florida eligible to vote, who were registered voters or who took timely and appropriate steps to register as voters, who sought to vote in the November 7, 2000 general election, and who were denied equal opportunity to vote and have their votes counted in that election, by the actions, policies and practices of the Defendants (Plaintiffs' Memorandum of Law in Support of its Motion for Class Certification at 1).

Thereafter, on November 5, 2001, the Plaintiffs filed their Supplemental Memorandum of

Law seeking certification of two separate classes:

> [A] Plaintiff class comprised of all Black citizens of the State of Florida eligible to vote, who were registered voters or who took timely and appropriate steps to register as voters, who sought to vote in the November 7, 2000 general election, and who were denied the right to vote and have their votes counted in that election, by the actions, policies and practices of the Defendants . . . ("the Vote Denial Class."). Plaintiffs also seek a second class comprised of all Black citizens of the State of Florida who voted in counties that used the punch-card voting system, and thus were denied the equal opportunity to have their vote counted in the November 7, 2000 election (the "Punch-Card Voting Class.") (Plaintiffs' Supplemental Memorandum in Support of Class Certification at 13).

In regard to the Punch-Card Voting Class, Plaintiffs acknowledged at the May 3, 2002 oral argument on class certification that changes to election procedures enacted under FERA, as well as several actions undertaken by the various Defendants, rendered the requested class moot. Accordingly, only the Vote Denial Class remains. As to this class, the Plaintiffs raised substantively for the first time at oral argument that they wished to pursue Vote Denial subclasses. Although some objections were raised by the Defendants, the Court permitted additional briefing on subclasses to aid the Court in its final determination on class certification. Accordingly, the Plaintiffs presently request certification of the following subclasses:

> (1) <u>List Maintenance Subclass</u>: "all Black citizens of the State of Florida who were eligible to vote, who were registered to vote, and who sought to vote in the Nov. 7, 2002 election, but were not able to do so because their names had been removed from voter rolls" as against Harris, Roberts, Stafford (Duval); Iorio (Hillsborough), Cowles (Orange), a n d L e a h y (Miami-Dade).

> (2) <u>Voter Registration Subclass:</u> "all Black citizens of the State of Florida who were eligible to vote, who were registered to vote or took timely and appropriate steps to register to vote or update a voter registration, and who sought to vote in the Nov. 7, 2002 election, but were not able to do so because their voter registration application or update was not properly processed" as against Harris, Roberts, Dickinson, Kearney, and county supervisor Defendants.

> (3) <u>Election Day Administration Subclass:</u> "all Black citizens of the State of Florida who were eligible to vote, who were registered to vote or took timely and appropriate steps to register to vote or update a voter registration, and who sought to vote in the Nov. 7, 2002 election, but were not able to do so because of problems that occurred on election day at the

polling places" as against Harris, Roberts and the county supervisor Defendants.

Pending completion of all briefing on the issue of subclasses, this Court required the parties to diligently pursue the possibility of settlement--which the parties had neglected throughout the litigation. In particular, the Court ordered the parties to submit settlement reports setting forth issues for discussion and potential resolution. The parties met in late June 2002 with Mediator Gerald T. Wetherington for several days of mediation. While Defendant DBT ChoicePoint settled with the Plaintiffs as a result of this mediation, the majority of the Defendants declared that they had a reached an impasse. Accordingly, the Court reset the pretrial and trial dates in this matter and held oral argument on the issue of subclasses as well as the pending summary judgment motions on July 26, 2002. The Defendants have raised various objections to Plaintiffs' Motion for Class Certification in their opposition briefs and Motions for Summary Judgment, including lack of standing, mootness, and ripeness. This interim order outlines the Court's preliminary decision as to the pending motions.

## II. PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

The Eleventh Circuit has held that a district court should resolve a Motion for Class Certification during the early stages of litigation. *See Prado-Steiman v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000)("Indeed, Rule 23 contemplates that the class certification will be made prior to the close of discovery").[1] However, due to the prolonged history and nature of this litigation as detailed above, this Court has been placed in the untenable position of resolving Plaintiffs' Motion for Class Certification less than a month before the scheduled trial. Upon consideration of the record, several hundred pages of briefing, various oral arguments, and relevant case law, the Court deems it necessary and appropriate to enter an interim order on pending motions as set forth herein.

---

[1] Rule 23(c)(1) provides that the court shall determine whether a class action should be maintained as "soon as practicable after the commencement of [the] action."

To qualify as a class under Rule 23 of the Federal Rules of Civil Procedure, the Plaintiffs must initially satisfy the four thresholds requirements of Rule 23(a): (1) the class must be so numerous that joinder of all members is impracticable (numerosity); (2) questions of law or fact common to the class must exist (commonality); (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class (typicality); and (4) the representative parties must fairly and adequately protect the interests of the class (adequacy of representation). Plaintiffs seeking to represent the class bear the burden of establishing that all four requirements have been met. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 721 n.2 (11th Cir. 1987), *cert denied*, 485 U.S. 959, 108 S. Ct. 1221, 99 L.Ed. 2d 421 (1988); *Gilchrist v. Bolger,* 733 F.2d 1551, 1555 (11th Cir. 1984) (A class action may only be certified "if the Court is satisfied, after a rigorous analysis, that the prerequisites of Fed.R.Civ.P. 23(a) are met"). These prerequisites are mandatory and the failure to establish any one is fatal to a motion for class action certification.

In addition to meeting the four preliminary requirements in subdivision (a), the plaintiffs also must satisfy one of the subsections of Fed.R.Civ.P. 23(b) in order to certify a class. In the instant case, the Lead Plaintiffs seek class certification under Rule 23(b)(2). Rule 23 (b)(2) applies where the parties "opposing the class ha[ve] acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Having reviewed the parties' arguments, the record and the relevant case law, the Court grants conditional certification as to the following subclasses:[2]

---

[2] On July 26, 2002, the Court was advised by appropriate counsel that Defendant Lowe (Volusia County) settled all claims with the Plaintiffs. Accordingly, the Court has not determined whether or not subclasses are appropriate as to Volusia County. The Court will reconsider subclass certification regarding Volusia County if deemed necessary prior to trial.

A.  List Maintenance Subclass:[3]

1.  Named Plaintiffs NAACP, Wallace McDonald, Jermaine Terry, and Ursula Harvey may serve as class representatives on behalf of all Black citizens of the State of Florida who were eligible to vote, who were registered to vote, and who sought to vote in the Nov. 7, 2002 election, but were unable to do so because their names were removed from voter rolls as against Defendants Harris and Roberts due to Defendants' alleged unlawful purging from the Central Voter File, and because of their alleged failure to coordinate the state's responsibilities under the NVRA and otherwise to provide and maintain uniformity in the application, operation, and interpretation of state and federal elections laws over the Florida County Supervisors of Elections.

B.  Voter Registration Subclasses:

1.  Named Plaintiffs NAACP, Placide Dossous, Rondrick Rose, Kandy Wells, and Jermaine Terry may serve as class representatives on behalf of all Black citizens of the State of Florida who were eligible to vote, who were registered to vote or took timely and appropriate steps to register to vote or to update a voter registration, and who sought to vote in the Nov. 7, 2002 election, but were not able to do so because their voter registration application or update was not properly processed as against Defendants Kearney and Dickinson because of the Defendants' alleged failure to provide uniform and consistent opportunities to register to vote and transmit voter registration applications in violation of the NVRA, the Florida Voter Registration Act ("FVRA"), and applicable state and federal election laws.

2.  Named Plaintiffs NAACP, Placide Doussous, Rondrick Rose, Kandy Wells, and Jermaine Terry may serve as class representatives on behalf of all Black citizens of the State of Florida who were eligible to vote, who were registered to vote or took timely and appropriate steps to register to vote or to update a voter registration, and who sought to vote in the Nov. 7, 2002 election, but were not able to do so because their voter registration application or update was not properly processed as against Defendants Harris and Roberts due to Defendants' alleged failure to obtain and maintain uniformity in the application, operation, and interpretation of the election laws and coordinate the state's responsibilities under the NVRA and applicable state and federal election laws in regard to Defendants Kearney and Dickinson.

3.  Named Plaintiffs NAACP, Janice Kelly, Consuelo M. Graham, and Kandy Wells may serve as class representatives on behalf of all Black citizens of the State of Florida who were eligible to vote, who were registered to vote or took timely and appropriate steps

---

[3] The status of many Named Plaintiffs with claims against Defendants who have entered into Settlement Agreements remains unclear. Accordingly, these Plaintiffs have not been included in the subclasses. Plaintiffs shall file memorandum within five (5) days regarding the status and/or disposition of such Named Plaintiffs. The Defendants may file Response(s) on or before five (5) days after they are served with Plaintiffs' memoranda.

to register to vote or to update a voter registration, and who sought to vote in the Nov. 7, 2002 election, but were not able to do so because their voter registration application or update was not properly processed as against Defendants Harris and Roberts due to Defendants' alleged failure to obtain and maintain uniformity in the application, operation, and interpretation of the election laws and coordinate the state's responsibilities under the NVRA and applicable state and federal election laws in regard to the Florida County Supervisors of Elections.

C.  Election Day Administration Subclass:

1.  Named Plaintiffs NAACP, Jermaine Terry, Janice Kelly, Rondrick Rose, Ursula Harvey, and Admatha Israel on behalf of all Black citizens of the State of Florida who were eligible to vote, who were registered to vote or took timely and appropriate steps to register to vote or update a voter registration, and who sought to vote in the Nov. 7, 2002 election, but were not able to do so because of deficiencies that occurred on election day at the polling places as against Defendants' Harris and Roberts for Defendants' alleged failure to maintain uniformity in the application, operation, and interpretation of election laws and provide uniform standards for the proper and equitable implementation of the registration laws.

**III.   MOTIONS FOR SUMMARY JUDGMENT**

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). The court's focus in reviewing a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3D 642, 646 (11th Cir. 1997).

As noted above, the Plaintiffs and Defendants have submitted various Motions for Summary Judgment, which are currently ripe for review. Upon a thorough review of the parties' motions, the Court concludes that a number of material issues of law and fact exist which preclude summary judgment on behalf of any party to this action. The undersigned reserves final decision on issues of standing, mootness, and ripeness for trial. Hence, all Motions for Summary Judgment are denied.

All individual claims against Defendants which have not been certified as detailed above also shall proceed to trial.

Therefore, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Class Certification [D.E. 100] is GRANTED in part as set forth herein. A separate order on conditional certification setting forth the Court's analysis shall follow prior to commencement of trial. It is further

**ORDERED AND ADJUDGED** that all Motions for Summary Judgment [D.E. #s 304, 374, 375, 386, 389, 397, 399, 415, 418, 421, & 423] are DENIED.

DONE AND ORDERED in chambers at Miami, Florida, this 31 day of July, 2002.

_____
ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

Copies furnished to: **(via telefax)**
**U.S. Magistrate Andrea M. Simonton**

Anita S. Hodgkiss, Esq
Lori Outzs Borgen, Esq.
Barbara Arnwine, Esq.
Thomas J. Henderson, Esq.
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, Suite 400
Washington, D.C. 20005-2124
Telephone # (202) 662-8315 (A. S. Hodgkiss Direct Line)
Main Telephone # (202) 622-8600
Fax # (202) 783-5130
E-mail: ahodgkiss@lawyerscomm.org
**Attorney for all of the Plaintiffs**

Thomasina H. Williams, Esq.
Law Office Williams and Associates, P.A.
Brickell Bay View Centre, Suite 1830
80 S.W. Eighth Street
Miami, FL 33130
Telephone # (305) 379-6676
Fax # (305) 379-4541
E-mail: wmslaw@winstarmail.com
**Attorney for all of the Plaintiffs**

John W. Little, III, Esq.
Steel Hector & Davis, LLP
1900 Phillips Point West
777 S. Flagler Drive, Suite 1900
West Palm Beach, FL 33401-6198
Telephone # (561) 650-7270

Fax # (561) 655-1509
E-mail: jlittle@steelhector.com
**Attorney for Katherine Harris, Secretary of State of Florida and Clay Roberts, Director of the Florida Division of Elections**

Walter J. Harvey, Esq.
Steel Hector & Davis, LLP
200 S. Biscayne Boulevard
41st Floor
Miami, FL 33131-2398
Telephone # (305) 577-7027
Fax # (305) 577-7001
E-mail: wharvey@steelhector.com
**Attorney for Katherine Harris, Secretary of State of Florida, and**
**Clay Roberts, Director of the Florida Division of Elections**

Tracy I. Arpen, Jr., Esq.
Office of the General Counsel
City of Jacksonville
117 W. Duval Street, Suite 480
Jacksonville, FL 32202
Telephone # (904) 630-1835
Fax # (904) 630-2388
E-mail: tarpen@coj.net
**Attorney for Duval County Supervisor of Elections John Stafford**

Mitchell Bloomberg, Esq.
Stephanie Gail Kolman, Esq.
Adorno & Zeder
2601 South Bayshore Drive, Suite 1600
Miami, FL 33133
Telephone # (305) 858-5555
Fax # (305) 858-4777
E-mail: mrb@adorno.com
**Attorney for ChoicePoint, Inc. d/b/a/ Database Technologies**

Daniel D. Eckert, Esq.
County Attorney's Office
123 West Indiana Avenue
Deland, FL 32720-4613
Telephone # (386) 736-5950
Fax# (386) 736-5990
E-mail: deckert@co.volusia.fl.us
**Attorney for Volusia County Supervisor of Elections, Deanie Lowe**

H. Ray Allen, II, Esq.
Senior Assistant County Attorney
Julia Mandell, Esq.
Ken Tinkler, Esq.
Assistant County Attorneys
Hillsborough County Attorney's Office
601 E. Kennedy Boulevard, 27th Floor
Tampa, FL 33602
Telephone # (813) 272-5670
Fax # (813) 272-5846
E-mail: allenr@hillsboroughcounty.org
**Attorneys for Hillsborough County Supervisor of Elections Pam Iorio**

Raymond W. Bergan, Esq.
Daniel A. Restrepo, Esq.
Williams & Connolly, LLP
725 12th Street, N.W.
Washington, D.C. 20005
Telephone # (202) 434-5013
Fax # (202) 434-5029
E-mail: rbergan@wc.com
**Attorneys for ChoicePoint, Inc. d/b/a Database Technologies, Inc.**

Michael D. Cirullo, Jr., Esq.
Josias, Goren, Cherof, Doody & Ezrol, P.A.
3099 E. Commercial Boulevard, Suite 200
Ft. Lauderdale, FL 33308-4311
Telephone # (954) 771-4500
Fax # (954) 771-4923
E-mail: mcirullo@cityatty.com
**Attorney for Orange County Supervisor of Elections William Cowles**

David V. Kornreich, Esq.
Muller, Mintz, Kornreich, Caldwell, Casey
255 S. Orange Avenue
Citrus Center, Suite 1525
Orlando, FL 32801-3462
Telephone # (407) 843-1400
Fax (407) 843-1410
E-mail: ncoughlin@mullermintz
**Attorney for the Volusia County Supervisor of Elections, Deanie Lowe**

Jeffrey P. Ehrlich, Esq.
Assistant County Attorney
Dade County Attorney's Office
Metro Dade Center
111 N.W. 1st Street, Suite 2810
Miami, FL 33128
Telephone # (305) 375-5744
Fax # (305) 375-5611
E-mail: ehrlich@miamidade.gov
**Attorney for the Miami-Dade County Supervisor of Elections David Leahy**

William J. Bosch
Assistant County Attorney For Volusia county
123 West Indiana Avenue
Deland, FL  32720-4613
Telephone # (386) 736-5950
Fax# (386) 736-5990
E-mail: wbosch@co.volusia.fl.us
**Attorney for Volusia County Supervisor of Elections, Deanie Lowe**

George Waas, Esq.
Douglas B. MacInnes, Esq.
Attorney General Office
Department of Legal Affairs
The Capitol-PL-01
Tallahassee, FL 32399-1050
Telephone # (850) 414-3662
Fax # (850-488-4872